## McManus *v.* Philadelphia.

*Contract—Municipal contract—Use of material excavated.*

Where a municipal contractor has two contracts for grading streets, under the first of which he was to receive a certain amount for each cubic yard excavated, and all of the earth taken out, which by the terms of the contract was to be deposited on the street covered by the second contract, which street required considerable filling, and the city wrongfully prevents the contractor from going on with the first contract, the contractor is entitled to recover the value of the earth which he was prevented from getting, and he may prove its value by showing what he had been obliged to pay in the market for similar material to take the place of that withheld from him. The case is the ordinary one of a vendor refusing to deliver goods sold, and the vendee going into the market to supply himself and suing for the difference in price he was compelled to pay.

Argued Jan. 24, 1900. Appeal, No. 386, Jan. T., 1899, by plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T., 1898, No. 239, sustaining exceptions to referee's report in case of Michael McManus v. City of Philadelphia. Before McCollum, Mitchell, Fell, Brown and Mestrezat, JJ. Reversed.

Exceptions to report of referee, George W. Harkins, Esq.

The referee reported the facts to be as follows:

1. That plaintiff on June 22, 1897, entered into a contract with defendant, through its department of public works, to grade Johnson street, from Wayne street to Green street, in the twenty-second ward of this city, and was to be paid therefor at the rate of twenty cents per cubic yard, the whole cost, however, not to exceed $1,600, the estimate of the survey department being for 7,579 cubic yards of cutting or excavation.

2. That it was stipulated in and by said contract that all the dirt removed thereunder should be "deposited in Lincoln avenue east and west of Wayne street." The contract is on one of the printed forms used by the department, and section 4, relating to this particular subject, is in the following words: "The said party of the second part (the contractor) agrees that all the dirt removed by him in the said grading shall be deposited by him in such street and in such localities, within four blocks of the place where the dirt is removed, as shall be designated by the said director of public works, and in case the said dirt is not needed by the said city, the same shall be removed by the party of the second part to places of deposit to be found by . . . . Lincoln avenue east and west of Wayne street." But in this particular contract all the printed form, commencing with the words "such streets" and ending with the words "to be found by" are stricken out and erased by lines drawn therethrough, so that the section as thus altered reads : "The said party of the second part agrees that all the dirt removed by him in said grading shall be deposited by him in Lincoln avenue east and west of Wayne street."

Section 2 of the specifications, attached to the contract, also contains the following provision in relation to this subject: "In accordance with the conditions of the ordinance approved April 16, 1877, contractors under these specifications

will be required to deposit any excess of earth occasioned by cutting, upon such street or streets, within a distance of four blocks of said cutting, which may require filling, and any contract under these specifications is to be so construed."

3. That having entered upon the performance of this contract, plaintiff was required by the district surveyor, by whom the stakes were put in, to commence at that section between the Chestnut Hill branch of the Pennsylvania railroad and Wayne avenue, and, as this was a hill of rock, it required a great amount of blasting, and picking when blasting was not practicable, and was consequently the most expensive portion . of the work, as beyond that point the soil was soft clay and could be excavated cheaply, at the rate, as plaintiff testified, of fifteen cents per cubic yard, giving him a clear .profit thereon of five cents per cubic yard.

4. That having excavated this rocky section, plaintiff, on August 24, 1897, was stopped, by the order of the department, from further proceeding under his contract, and had not since been permitted to resume work thereunder. That at this time he had excavated 3,705 cubic yards, leaving 3,874 cubic yards remaining to be done, according to the estimate of the survey department, upon which his contract was based, and for the work then actually done was paid on account the sum of $600, leaving the sum of $141 still due thereon.

. 5. That at the time of entering into this contract, plaintiff, under another contract with the city, was engaged in filling in Lincoln avenue west of Wayne street, and was to be paid therefor at the rate of forty-nine cents per cubic yard, and it was his purpose, and, as he testified, was the reason for his bidding on the Johnson street contract at the low rate of twenty cents per cubic yard, to use the dirt excavated from that street for the filling in of Lincoln avenue, but the sudden stoppage of the work of excavating by order of the department of public works, deprived him of the 3,874 cubic yards.of dirt remaining to be excavated, and he was obliged to go elsewhere for the amount required for the filling and at an actual cost to him of forty-nine cents per cubic yard.

The testimony and the stipulation in the contract for the deposit of the excavated dirt on Lincoln avenue, east and west of Wayne street, is all the evidence of the claim that the in-

tended use of the contract for excavating Johnson street in aid of that to fill in Lincoln avenue, entered into consideration in the granting of it to him.

The referee reported, on the facts found by him, in favor of the plaintiff in the sum of $2,232.96.

Defendant filed among others the following exceptions to referee's report:

3. The referee erred in finding that defendant's breach of of its contract with plaintiff was without justification or excuse; that in consequence plaintiff was deprived of the benefit he would have derived from the use thereunder of the excavated dirt in the filling in of Lincoln avenue, and that this was a loss to him of the amount which he would have received therefrom, to wit: forty-nine cents per cubic yard on 3,874 yards.

The court sustained the exceptions to the report of the referee, and entered judgment in favor of the plaintiff for $376.50.

*Error assigned* was the order of the court.

*É. O. Michener* and *P. K. Erdman,* for appellant.—Plaintiff was entitled to recover all the profits he would have made out of the contract, if reasonably within the contemplation of the parties: Wolf v. Studebaker, 65 Pa. 460; Feigel v. Latour, 1 W. N. C. 335; Reynolds v. Poindexter, 1 Phila. 179; Morris v. Parham, 4 Phila. 62.

*Chester N. Farr, Jr.,* assistant city solicitor, with him *John L. Kinsey,* city solicitor, for appellee.—The plaintiff claims here for a profit, not resulting directly from the contract for the breach of which he sues, but arising from an entirely independent and separate contract, and such profits cannot be recovered as being too remote and speculative: Fox v. Harding, 7 Cush. (Mass.) 516; Frye v. Maine Central R. R. Co., 67 Maine, 414; Sherman v. Roberts, 1 Grant, 261; Haak v Wise, 2 W. N. C. 689; McGovern v. Lewis, 56 Pa. 231; Fleming v. Beck, 48 Pa. 309; Adams Express Co. v. Egbert, 36 Pa 360.

OPINION BY MR. JUSTICE MITCHELL, April 9, 1900:

Plaintiff had a contract with the city by which he was to grade Johnson street from Wayne to Green. After he had done a portion of the work, he was stopped by the department

of public works, and thereupon brought this action. It is admitted that the city is liable for the breach of contract and the only question is the measure of damages.

By the agreement plaintiff was to receive twenty cents a cubic yard for all the cutting and excavating done, and was also entitled to the earth taken out. At the trial before the referee he proved that his bid for the work was at a very low price; that the consideration to him was in large part the use of the earth excavated; and that this was known and agreed to by the city. It was shown that the ordinary form of contract used by the city for such work required the contractor to deposit the excavated earth " on such streets and in such localities " within a specified distance as should be designated by the Director of Public Works, but that in plaintiff's contract this provision was struck out and it was stipulated that the earth should be deposited on Lincoln avenue east and west of Wayne street. Plaintiff further showed that he had at that time another contract for the grading of Lincoln avenue, which would require a large amount of filling, for which he could use the earth taken out of Johnson street, and being deprived of this by the stoppage of his work on Johnson street he was obliged to purchase earth for Lincoln avenue, at forty-nine cents a cubic yard.

We have, therefore, the plain case of a contract to do certain work, to be paid for partly in money and partly in material, and the refusal to permit the contractor to take the material. He was entitled to recover its value. This he showed by showing what he had been obliged to pay in the market for similar material to take the place of that withheld from him. There was nothing indirect or remote or speculative about such damages or the mode of proving them. Nor was it a claim for loss of profits on the other contract. The earth was his under this contract and he had been prevented from getting it. The fact that he could use it under his contract for Lincoln avenue was only incidental evidence to show its value. The case was the ordinary one of a vendor refusing to deliver goods sold, and the vendee going into the market to supply himself, and suing for the difference in price he was compelled to pay.

The judgment is reversed and judgment directed to be entered for plaintiff for the amount reported by the referee, with added interest to date.